IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RAVINDER SINGH,  )<br>NEW CROWN HOLDINGS LLC.,  )<br>d/b/a Holiday Inn Gurnee  )<br>  )<br>        Plaintiff,  )<br>    v.    )     No.:<br>  )<br>BRADLEY FLETCHER ABBOTT d/b/a  )<br>HOSPITALITY TELEVISION  )<br>SOLUTIONS, BF VENTURES LLC  )<br>  )<br>        Defendant.  )  | |

## COMPLAINT

NOW COMES PLAINTIFFS, RAVINDER SINGH, NEW CROWN HOLDINGS LLC d/b/a HOLIDAY INN GURNEE for their Complaint against Defendants Bradley Fletcher Abbott d/b/a Hospitality Television Solutions and BF VENTURES LLC and states as follows:

## PARTIES

1. Plaintiff, Ravinder Singh, ("Singh") is a citizen of the State of Illinois.

2. Plaintiff NEW CROWN HOLDINGS LLC d/b/a HOLIDAY INN GURNEE ("New Crown") was at all times a corporation doing business in the State of Illinois with its principal place of business in Gurnee Illinois. Its Member is a foreign corporation based in Hong Kong. (Singh and New Crown hereinafter collectively referred to as "Plaintiff".)

3. Defendant Bradley Fletcher Abbot, d/b/a Hospitality Television Solutions ("Abbott") is a citizen of the State of Texas. Hospitality Television Solutions is an assumed name of BF VENTURES LLC a Texas Limited Liability corporation. All of its Members are Texas citizens. Abbot and BF Ventures LLC are collectively referred to as Defendants.

1

4. BF VENTURES LLC according to the Secretary of State of the State of Texas BF VENTURES LLC is a dissolved legal entity.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C § 1332. Plaintiff is an Illinois resident and Defendant is a Texas resident. The amount in controversy exceeds the sum of Seventy-Five Thousand dollars. ($75,000).

6. Venue is proper pursuant to 28 U.S.C. § 1391 (a) in that a substantial portion of the events giving rise to the claim occurred in this District.

**GENERAL FACTUAL ALLEGATIONS**

7. In January 2011, Plaintiff Ravinder Singh, as agent and/or Manager of New Crown Holdings LLC d/b/a Holiday Inn, Gurnee, entered into a written agreement with Defendant Bradley Abbot d/b/a Hospitality Television Solutions for the purchase, by Plaintiff from Defendants of 230 HD TVs (hereinafter described as "the HD TVs") for a purchase price of Ninety Thousand Eighty-Five Dollars and Sixty cents. ($90,085.60) which included free shipping from Defendants to Plaintiff. (Attached hereto as Exhibit A is a true and correct copy of the Equipment Invoice, which is the written agreement which governs the relationship between the Parties and states in part "This Invoice sets forth the entire and final agreement of the parties, supersedes all prior written and oral negotiations concerning this agreement and any modifications to this agreement are not valid unless in writing executed by each of the parties.")

8. On January 12, 2011, Plaintiff, tendered payment to Defendants in the amount of Forty Thousand Dollars ($45,000.00) in accordance with the terms of the written agreement. (Attached hereto as Exhibit B is a true and correct copy of the check tendered to Defendant.)

2

9. On September 29, 2011, Plaintiff Singh, as agent and/or Manager of New Crown Holdings LLC tendered to Defendants the remainder due on the contract in the amount of Forty-Five Thousand and Eighty Five Dollars and 60 cents ($45,085.60) (Attached hereto as <u>Exhibit C</u> is a true and correct copy of the second check tendered by Plaintiff to Defendant.) Upon delivery of the 9/29/2011 check, full payment was tendered by Plaintiff as agreed upon in the written agreement. (<u>See Exhibit A.</u>)

10. On September 30, 2011, Defendant Abbott sent an email to a representative of Plaintiff discussing his offer to store the HD TVs at his expense from October 1, 2011 through November 1, 2011 so long as Plaintiff paid the balance due immediately. (Attached hereto as <u>Exhibit D</u> is a true and correct copy of an email from Defendants on September 30, 2011.)

11. On or about November 1, 2011, Plaintiff, either individually or through an agent, demanded delivery of 225 of the HD TVs to a location here in Illinois and 5 of the HD TVs be delivered to Phoenix, AZ where Plaintiff operates a Crowne Plaza Hotel.

12. Notwithstanding the express terms of the parties' written agreement and despite full performance by Plaintiff, Defendants have failed and refused to deliver the HD TVs despite Plaintiff's repeated demands, but contrary to the written agreement retain the full payment of Ninety Five Thousand and Eighty Five Dollars and Sixty cents. ($95,085.60).

## COUNT I

## BREACH OF CONTRACT

13. Plaintiff adopts and re-alleges paragraphs 1 through 12 of the General allegations of Count I as if fully set forth herein.

14. Plaintiff has fully performed under the Contract and has paid in full the Ninety Five Thousand and Eighty Five Dollars and Sixty cents ($95,085.60) that was agreed upon for the purchase of the HD TVs and in addition has offered to pay the reasonable verifiable storage costs of the Defendants which may have been incurred after November 1, 2011.

15. Defendants, in bad faith, despite the terms of the written agreement and being paid in full, have demanded payment of over $55,000.00 in additional monies before he will ship The HD TVs. Defendants make this demand knowing that the Plaintiff must open its Holiday Inn on May 1, 2012 and that Plaintiff will not be able to do so unless he has the HD TV's installed and tested in a timely manner prior to May 1, 2012.

16 Defendants have breached the Contract by failing to perform and deliver The HD TV's in good faith as agreed.

17. Despite full compliance by Plaintiff with the terms of the written agreement and demand for delivery of the HD TVs in accordance with the parties' agreement, Defendants have failed to deliver, and continue to refuse to deliver, the HD TVs to Plaintiff.

18. Plaintiff has been damaged by Defendants' actions in breach of the contract in the amount of Ninety Five Thousand Eighty-Five Dollars and Sixty cents ($95,085.60) in addition to other costs and expenses consequentially incurred.

WHEREFORE, Plaintiff prays as follows:

That judgment be entered in favor of Plaintiff RAVINDER SINGH, NEW CROWN HOLDINGS LLC and against Defendants Bradley Fletcher Abbott d/b/a Hospitality Television Solutions and BF VENTURES LLC in the amount of $95,085.60, plus interest from the date of payment by Plaintiff and such other damages and further relief as may be just and appropriate in the premises.

# COUNT II

# FRAUD IN THE INDUCEMENT

19. Plaintiff adopts and re-alleges paragraphs 1 through 12 of the General allegations of Count I in this Count II as if fully set forth herein.

**Inducement to Store HDTV's**

20. Abbott induced the Plaintiff to send the balance of the payment due to Abbott in September 2011 by representing that he would store the HD TVs for 30 days and then, as directed ship them to the Plaintiff. Both statements regarding delivery when requested and storing said TV's at minimum cost were false and or made in reckless disregard of the truth as evidenced by Defendant Abbott's long history of deceitful and deceptive business practices selling television related electronics in bulk and never delivering said electronics or TV's to the customer.

**Past Deceitful or Deceptive Business Practices**

21. In 2008, Turin Enterprises sued Abbott in the 162nd Judicial District Court of Dallas County, Case No. 08-13959 alleging that he would provide 32 camera security systems to the Candlewood Suites. Abbott was paid in full but failed to deliver all equipment or finish the work. In June of 2009, a judgment was entered against Abbott.

22. In 2008, Green Township Hospitality LLC operating a Holiday Inn Express in Cincinnati Ohio countersued BF Ventures, LLC in the Federal Northern District of Texas, Dallas Division, Case No. 08-CV 2187 for its failure to deliver 127 HD TV's after Abbott received $67,375.00 and promised delivery of said HD TV's prior to Green Township Hospitality LLC's grand opening. Despite multiple representations to the Green Township Hospitality, LLC that the

TVs would be delivered, no TV's were ever delivered and on February 4, 2010 judgment was entered against Abbott.

23. In 2009, Vasant Patel operating a Candlewood Suites located in Ardmore Oklahoma, entered into a contract to purchase 185 HD TV's and specialized mounts for said TV's and deposited $17,371.20 with Abbott. Patel sued Abbott in the 162nd Judicial District Court in Dallas, Texas, Case No. 11-14673 alleging Abbott was guilty of Deceptive Trade Practices and Fraud. Despite multiple representations to Vasant Patel that Abbott would return Vasant Patel's money after failing to deliver the HDTV's, Abbott never did. A motion for default judgment against Abbott is currently pending.

24. In 2010, Crown Plaza Hotel in Trinidad entered into a contract to purchase 200 HD TV's and deposited $62,900.00 with Abbott. No HD TV's have ever been delivered to the Hotel in Tinidad and suit is currently pending against Abbott in the 162nd Judicial District Court in Dallas, Texas, as Case No. 10-16801.

25. As evidenced by the multiple suits and judgments pending or entered against him, Abbott's past practice is to 1) falsely represent or represent in reckless disregard for the truth, that the products will be delivered as promised in a timely manner; 2) Abbott then fails to fulfill his promise in a timely manner if at all; and 3) in order to coerce additional inflated costs or surcharges in bad faith adds additional terms, conditions or costs to his terms for performance while never intending to perform or not having the ability to perform.

**Demand for inflated and fictitious storage fees**

26. Despite requests to ship the HD TV's to Plaintiff's locations in Arizona and in Gurnee, Illinois, Abbott has failed to deliver any of the HD TVs. However, in November of 2011; Abbott represented that he could continue storing the TV's at little cost and discouraged

6

Plaintiff from taking delivery. In one e-mail Abbott states that "Storing the units in a low-cost, secure facility is inexpensive and we can work with you to off set this cost and keep it to a minimum."

27. In reasonable reliance on said statements and other reassurances, Plaintiff did not push its demand for immediate delivery on November 1, 2011.

28. Upon request by Plaintiff in or about January of 2012 requested that the HD TV's be delivered because the Holiday Inn's Gurnee grand opening is scheduled for May 10, 2012, Abbott demanded an additional $55,200.00 for alleged storage fees which is commercially unreasonable and part of his scheme to defraud the Plaintiff.

29. Despite repeated demands Defendants cannot or will not produce the invoices for his actual costs which Plaintiff agreed to pay upon delivery of the HD TV's and have refused to ship the HD TV's.

30. That Defendant's statements of his ability and/ or intent to store the TV's at minimum cost and or deliver the HD TV's upon request of Plaintiffs were false and/or made in reckless disregard of the truth with the intent that Plaintiff rely upon said representations and to deceive the Plaintiffs.

31. That as a direct and proximate result of Abbott actions to defraud Plaintiff, NEW CROWN HOLDINGS LLC relied upon said misrepresentations and will suffer damages in a sum in excess of $100,000.00.

WHEREFORE, Plaintiff prays as follows:

    a) Awarding damages in favor of Plaintiff RAVINDER SINGH and NEW CROWN HOLDINGS LLC and against Defendants Bradley Fletcher Abbott d/b/a Hospitality Television Solutions and BF VENTURES LLC in the amount of actual damages, the amount of which is yet uncertain, but at least $100,000.00.

    b.)    Award punitive damages of no less than $500,000.00.

    c.)    Award pre-judgment interest.

    d.)    And for such other and further relief as this Court deems appropriate

## COUNT III

## VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

## (STATE PENDENT CLAIM)

32. Plaintiff adopts and re-alleges paragraphs 1 through 12 of the General allegations of Count I in this Count III as if fully set forth herein.

33. Plaintiff adopts and re-alleges paragraphs 21 through 30 of the allegations of Count II in this Count III as if fully set forth herein.

34. At all times relevant hereto, there was in full force and effect the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq. ("the "Act), § 505/2 of which set out "unlawful practices", and provided in pertinent part—as to this section's allegations— as follows:

> "§ 2 Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact * * *."

35. That as a direct and proximate result of Abbott actions to defraud Plaintiff, NEW CROWN HOLDINGS LLC relied upon said misrepresentations and will suffer damages in a sum in excess of $100,000.00.

WHEREFORE, Plaintiff prays as follows

:

    a).    Awarding damages in favor of Plaintiff RAVINDER SINGH and NEW CROWN HOLDINGS LLC and against Defendants Bradley Fletcher Abbott d/b/a Hospitality Television Solutions and BF VENTURES LLC in an amount to be determined at trial but not duplicative of awards made under other counts;

    b).    Awarding Plaintiff prejudgment interest on any damages awarded by the Court;

    c).    Awarding Plaintiff reasonable attorneys' fees and costs of this lawsuit; and,

    d)    Awarding Plaintiff such further relief as the Court deems just and appropriate.

    Respectfully Submitted,

    RAVINDER SINGH, and NEW CROWN HOLDINGS LLC

    By: ___/s/ Patrick D. Lamb_____
          One of their Attorneys

Patrick D. Lamb
Jennifer Hamilton
Shannon McKinley
Crowley & Lamb, P.C.
221 N. LaSalle St., Ste. 1550
Chicago, Illinois 60601
312-670-6900
Attorney No.: 41373